ORTIZ, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de un expediente posesorio.

No. 396.—Resuelto en mayo 9, 1919.

EXPEDIENTE POSESORIO—CÉDULA DE CITACIÓN DE COLINDANTES—PRUEBA DE LA CITACIÓN.—No existe precepto alguno de ley que ordene que la cédula de citación de colindantes expedida por el secretario de la corte se una al expediente posesorio. Basta que exista en los autos el *affidavit* de la persona o la certificación del funcionario que hizo la citación.

ID.—AFFIDAVIT DE DILIGENCIAMIENTO.—Aunque en este caso la persona que diligenció la citación no hizo constar el sitio, día y hora en que practicó la diligencia, éstos son defectos de menor importancia que habiendo pasado desapercibidos por el juez y el fiscal sólo pueden plantearse en un pleito ordinario por alguien que esté realmente interesado y que demuestre que ha sufrido perjuicios por haberse dejado de hacer tales constancias.

ID.—DECLARACIONES DE TESTIGOS.—La manera de presentar la prueba en los expedientes posesorios es compareciendo personalmente los testigos ante la corte que ha de dictar resolución en el expediente. Declaraciones juradas o *affidavits* tomados por el secretario de la corte son ineficaces, aun cuando sean ratificadas por los testigos en corte abierta, como sucedió en este caso.

ID.—PLAZO PARA OIR AL FISCAL Y COLINDANTES.—Al fiscal y a los colindantes en un expediente posesorio debe concedérseles un plazo razonable por la corte para que tengan oportunidad de ser oídos. Un solo día de plazo no es un plazo razonable.

EXPEDIENTES POSESORIOS—CALIFICACIÓN.—Estando limitada la resolución de la corte en los expedientes posesorios a la posesión, no es de las atribuciones del registrador inquirir respecto a los derechos recíprocos entre abuelo y nieto.

ID.—La cuestión de si un testamento ha sido o no revocado, no es cuestión a investigar en un expediente posesorio. El poseedor no está obligado a demostrar que el testamento en que funda su derecho no ha sido revocado o que ha sido debidamente otorgado con todas las formalidades exigidas por la ley.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El Registrador recurrido, Sr. Francisco Socorro, no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El registrador denegó la inscripción de un expediente posesorio por varios motivos:

El primero consiste en que la citación a los colindantes no fué devuelta a la oficina del secretario, de acuerdo con el Código de Enjuiciamiento Civil. Sin embargo, aparece de los autos de este caso un *affidavit* de diligenciamiento, por lo que el registrador está en un error en este respecto. Este caso cae de lleno dentro de la doctrina de la resolución de esta corte en el caso de *Echevarría* v. *El Registrador de Guayama,* dictada en 27 de marzo de 1919, (pág. 264).

Si bien es cierto que la persona que diligenció la citación, a saber, Félix Pacheco, no hizo constar en su *affidavit* el sitio, día y hora en que practicó el diligenciamiento, éstos son

defectos de menor importancia que, habiéndolos pasado por desapercibidos tanto el juez como el fiscal, sólo pueden plantearse en un pleito ordinario por alguien que esté realmente interesado y que demuestre que ha sufrido perjuicios por haberse dejado de hacer tales constancias.

Después aparece que se presentaron en este caso *affidavits* tomados ante el secretario de la corte en vez de la práctica que la ley exige. *Meléndez* v. *El Registrador,* 17 D. P. R. 605. La corte en una de sus conclusiones (*findings*) hace constar que las declaraciones juradas de los testigos fueron ratificadas en corte abierta; pero la verdadera interpretación del caso de *Meléndez, supra,* es que los testigos deben comparecer ante la corte y hacer sus manifestaciones allí, las que entonces se tomarán por escrito.

Como quiera que es de confirmarse la nota del registrador por razón del defecto precedente pasaremos a discutir brevemente los demás errores alegados por el recurrente.

Por ejemplo, al fiscal y a los colindantes ha debido dárseles más de un día para comparecer ante la corte, aun cuando el fiscal esté dispuesto a comparecer y en efecto comparezca dentro de ese término. Creemos que el no habérseles concedido más tiempo constituye un error.

No examinaremos la cuestión de si la madre de un hijo natural tiene derecho a la herencia cuando dicho hijo tiene hijos naturales, pues la resolución de la corte en un expediente posesorio se limita a la posesión, y el registrador no tenía nada que inquirir respecto de los derechos recíprocos entre abuela y nietos, según se desprende de los artículos 391 y 392 de la Ley Hipotecaria.

Iguales consideraciones son de aplicación respecto del quinto y sexto motivos de error. Sea que se pruebe o no que un testamento ha sido revocado no es cuestión a investigar dentro de un expediente posesorio, y el poseedor no está obligado a demostrar que el testamento en que funda su derecho no ha sido revocado. El poseedor tiene suficiente justo título

para justificar la sentencia. *Chiqués* v. *El Registrador de Caguas,* resuelto en febrero 24, 1919, (pág. 91).

Ni creemos que un testamento que proviene de una notaría sea necesario, en un expediente posesorio, mostrar que ha sido debidamente otorgado con todas las formalidades exigidas por la ley. Parece, asimismo, que es suficiente *prima facie* a los fines que se persiguen en un expediente posesorio, *Chiqués* v. *El Registrador, supra.*

En cuanto a la falta de prueba del pago de las contribuciones por herencia, como no es cuestión suficientemente discutida, nos abstenemos de resolverla.

Es de confirmarse la nota del registrador solamente por los motivos de que los *affidavits* no son suficientes, y el de que el tiempo fijado en la citación a los colindantes y al fiscal debió haber sido razonablemente de más de un día.

> *Confirmada la nota recurrida pero sólo por los motivos segundo y tercero.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.